UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CARLOS R. ROBINSON, #1068876,

Petitioner,

v.                                                Civil Action No. 2:12cv189

HAROLD CLARK,
Director, Virginia Department of Corrections,

Respondent.

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, convicted in 1992 and currently serving life imprisonment plus an additional forty-six (46) years, alleges claims of ineffective counsel and errors which occurred during his trial. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure the matter was referred to the undersigned for a report and recommendation. Because the petition is time-barred and procedurally defaulted, the undersigned recommends that Respondent's motion be GRANTED, and the petition be DISMISSED.

I. STATEMENT OF THE CASE

On December 10, 1992, in the Circuit Court of the City of Portsmouth, a jury convicted Petitioner Carlos R. Robinson ("Petitioner" or "Robinson") of murder, use of a firearm in the

commission of murder, robbery, and use of a firearm in the commission of robbery. (ECF No. 8-1). Robinson was sentenced to life imprisonment plus an additional forty-six (46) years. Id.

Robinson appealed his conviction to the Virginia Court of Appeals arguing five assignments of error. Robinson v. Commonwealth, Record No. 2564-92-1 (Va. Ct. App. Dec. 2, 1993). Finding no error, a panel of the Court of Appeals denied the petition on December 2, 1993. Id. Robinson then filed a petition for appeal to the Supreme Court of Virginia, which was refused March 9, 1994. Robinson v. Commmonwealth, Record No. 931858 (Va. Mar. 9, 1994). Petitioner did not file a request for certiorari in the United States Supreme Court, nor did he file for habeas relief in Virginia's state courts. (ECF No. 1 at 2-3).

On March 26, 2012[1], Robinson, proceeding pro se, filed the present federal habeas petition pursuant to 28 U.S.C. § 2254. The petition raises several claims:

I.      Ineffective trial counsel.

II.     Defective jury instructions.

III.    The absence of closing arguments and jury instructions from the trial transcript violate 28 U.S.C. § 753(b) and Va. Code § 19.2-165.

IV.     Trial court erred in refusing to appoint an investigator.

V.      Trial court erred in denying petitioner's challenge to the jury array.

VI.     The evidence upon which Petitioner's conviction rests was insufficient.

(ECF No. 1-1 at 5-23). Respondent filed a Rule 5 Answer and Motion to Dismiss, along with a brief in support. (ECF Nos. 6, 7, 8). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K), Petitioner was advised of his right to file opposing affidavits, statements, exhibits, and legal memoranda, as well as the possible consequences of failing to

---

[1] Though the Court's filing stamp reflects receipt of the petition on April 9, 2012, for purposes of this Report and Recommendation the pleading will be deemed filed on March 26, 2012, the date it was placed in the prison mailing system. Houston v. Lack, 487 U.S. 266, 276 (1988).

oppose Respondent's filing. Robinson replied and Respondent's Motion to Dismiss is now ripe for judicial review.

## II. RECOMMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Robinson's petition is time-barred.

Robinson's habeas petition is time-barred. The provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) establish a one-year limitation period for prisoners seeking federal habeas relief. Under 28 U.S.C. § 2244(d)(1) a district court is required to dismiss any petition for writ of habeas corpus filed more than one year after the latest of: (i) the date judgment becomes final; (ii) any state-created impediment to filing a petition is removed; (iii) the United States Supreme Court recognizes the constitutional right asserted; or (iv) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A) – (D). The time period during which state post-conviction or other collateral review is pending tolls the limitation period. 28 U.S.C. § 2244(d)(2).

A prisoner whose statutory right to seek federal habeas relief accrued prior to passage of the AEDPA is entitled to a "reasonable period" of time after the statute's effective date to file a petition. Brown v. Angelone, 150 F.3d 370, 374 (4th Cir. 1998). The "reasonable period" to file means one year from the effective date of the AEDPA, or until April 23, 1997. Id. at 375; see also Hernandez v. Caldwell, 225 F.3d 435, 438-39 (4th Cir. 2000) (finding that "reasonable period" extends to April 24, 1997).

Robinson was convicted in the Circuit Court of Portsmouth on December 10, 1992. He appealed his conviction to the Virginia Court of Appeals, which denied the petition December 2, 1993. Robinson's appeal to the Supreme Court of Virginia was then refused March 9, 1994. Petitioner had ninety (90) days to file a petition for writ of certiorari to the United States

Supreme Court. 28 U.S.C. § 2101(C); <u>Clay v. United States</u>, 537 U.S. 522, 527 (2003) ("finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires"). Because Robinson did not petition the United States Supreme Court for certiorari, the direct review of his convictions became final June 7, 1994.

Robinson never filed a petition for habeas relief in the courts of Virginia. Therefore, he cannot benefit from statutory tolling which occurs during the pendency of a properly filed state habeas petition. 28 U.S.C. § 2244(d)(2). Petitioner was, however, convicted prior to passage of the AEDPA. He is thus afforded a one-year period from the effective date of the AEDPA, April 24, 1996, to file his federal habeas petition. April 24, 1997, represented the last day that Robinson could timely file. This federal habeas petition was not filed until March 26, 2012. Robinson's petition is fifteen (15) years too late, and barred by the one-year limitation period mandated by § 2244(d)(1).

Robinson attempts to toll the statute of limitation by alleging an inability to obtain his trial transcript. He argues that prior to receiving the transcript April 11, 2011, he was unable to uncover the claims alleged in this habeas petition. (ECF No. 1-1 at 3). This, according to Petitioner, left him unable to comply with state procedural rules and by extension the time limits for filing a federal habeas petition. (ECF No. 1 at 13-14; ECF No. 1-1 at 3). Robinson has not specifically invoked § 2244(d)(1)(B) to support this claim, however, the undersigned observes that section to be most closely aligned with the allegation.

Section 2244(d)(1)(B) tolls the limitation period when a petitioner encounters an impediment created by state action which prevents the filing of a habeas application. However, an absence of trial transcripts does not result in statutory tolling under § 2244(d)(1)(B). <u>Clark v.</u>

Okla., 468 F.3d 711, 714 (10th Cir. 2006) (rejecting tolling under § 2244(d)(1)(B) because petitioner "failed to explain why the documents held by the state were necessary to pursue his federal claim"); Lloyd v. Van Natta, 296 F.3d 630, 633 (7th Cir. 2002) (deciding absence of trial transcript did not prevent filing of federal habeas petition); Jihad v. Hvass, 267 F.3d 803, 806 (8th Cir. 2001) (lack of trial transcript does not preclude petitioner from commencing habeas corpus proceedings). Robinson's argument fails because the lack of trial transcript is not an impediment created by state action that prevented the filing of a habeas petition.[2] Petitioner has not demonstrated an impediment created by state action which prevented him from filing; thus, he is not entitled to statutory tolling under § 2244(d)(1)(B).

Robinson also claims that he is entitled to equitable tolling. (ECF No. 10 at 1), but he has failed to allege a plausible basis to toll the limitations period for 15 years. "[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." Holland v. Florida, 130 S.Ct. 2549, 2254 (2010). A petitioner is entitled to equitable tolling only if it is shown: (1) that petitioner has been diligently pursuing his rights; and (2) that extraordinary circumstances stood in the way of timely filing. Id. at 2562.

Petitioner's failure to diligently pursue his rights is fatal to any claim for equitable tolling. While Robinson claims that he requested trial transcripts in 1995 and 1996, (ECF No. 1-4, 5), action on those requests did not prevent filing for habeas relief in state or federal court. Moreover, the record reflects a fifteen year hiatus during which Robinson made no attempt to pursue the trial transcripts he claims to have needed, or in the alternative, petition directly for habeas relief. Ultimately, the habeas filing in this Court occurred on March 26, 2012. Failure to

---

[2] All but one of the claims Robinson raises in the present petition were known to him prior to gaining access to the transcript. Three of the claims he raises in this federal petition were assigned as error in the appeal to the Virginia Court of Appeals; namely, trial court failure to appoint an investigator, challenge to jury array, and insufficiency of the evidence. Brief of Petitioner-Appellant at 6, Robinson v. Commonwealth, Record No. 2564-92-1 (Va. Ct. App. Dec. 2, 1993).

pursue rights for fifteen years falls short of the "reasonable diligence" required to entitle a petitioner to equitable tolling. Holland, 130 S.Ct. at 2565.

## B. Robinson's petition is procedurally defaulted.

In addition to being time-barred, Robinson's claims are procedurally defaulted because he failed to present his claims to the highest state court and he would be procedurally barred from doing so now. Before applying for federal habeas relief a petitioner must first exhaust remedies available in state court or demonstrate the absence or ineffectiveness of such remedies. 28 U.S.C. § 2254(b)(1). State prisoners must therefore, "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 846 (1999). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997).

By his own admission, Robinson never filed a state habeas petition. (ECF No. 1 at 3) Thus, Virginia courts have not had an opportunity to consider any of Robinson's claims. "A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). This is the case with Robinson's claims, and thus they are simultaneously exhausted and procedurally defaulted. Sparrow v. Dir., Dept. of Corr., 439 F.Supp.2d 584, 587-88 (E.D. Va. 2006).

Robinson recognizes that his federal habeas petition is procedurally barred. (ECF No. 1-1 at 3); see also Va. Code 8.01-654(A)(2) (time to file habeas petition is within two years from the date of final judgment in trial court or within one year from final disposition of direct appeal in

state court or when time for filing expired, whichever is later). He contends, however, that he has "sufficient cause to excuse his procedural default." (ECF No. 1-1 at 3). Petitioner points to the withholding of trial transcripts as an objective factor external to him that caused a failure to comply with Virginia procedural rules.

Procedural default may be overcome and federal review obtained when a petitioner demonstrates cause for the default and prejudice resulting therefrom, or that a failure to consider the claims would result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 749-50 (1991); accord Savino v. Murray, 82 F.3d 593, 602 (4th Cir. 1996). Cause may be shown when "something external to the petitioner, something that cannot fairly be attributed to him[,] . . . 'impeded [his] efforts to comply with the State's procedural rule." Maples v. Thomas, 132 S.Ct. 912, 922 (2012) (quoting Coleman, 501 U.S. at 753).

In this case, Robinson's alleged inability to obtain a trial transcript does not constitute the requisite cause to overcome procedural default. Robinson's inability to obtain a trial court transcript was not an impediment, external to him, standing in the way of compliance with Virginia procedural rules. Instead, Robinson simply failed to take the necessary action to file a habeas petition from June 7, 1994, the date that direct review of his conviction became final until March 26, 2012. Robinson's inactivity rendered the state petition out of time and thus procedurally defaulted. Moreover, Robinson had personal knowledge of the claims he now asserts in this federal habeas petition prior to obtaining the trial transcript. For these reasons, Robinson's procedural default was not caused by any factors external to him.

The undersigned also notes that Robinson summarily argues that a fundamental miscarriage of justice will occur absent federal review of these claims. (ECF No. 1-1 at 26). Notably, he does not claim that he is actually innocent of the crimes charged nor does he present

evidence supporting a claim of innocence. <u>Sharpe v. Bell</u>, 593 F.3d 372, 377 (4th Cir. 2010); <u>Schlup v. Delo</u>, 513 U.S. 298, 324 (1995). Therefore, petitioner has not demonstrated that a failure to review his claims will result in a fundamental miscarriage of justice. Accordingly, the undersigned finds that, in addition to being time barred, Robinson's claims are simultaneously exhausted and procedurally defaulted.

### III. RECOMMENDATION

Because Robinson's habeas petition is time-barred and procedurally defaulted, the undersigned recommends that Respondent's motion be GRANTED, and the petition be DISMISSED.

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.     Any party may serve upon the other party and file with the Clerk any written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2.     A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this Court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985);

Carr v. Hutto, 737 F.2d 433 (4th Cir.1984); United States v. Schronce, 727 F.2d 91 (4th Cir.1984).

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

August 10, 2012

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Carlos R. Robinson #1068876
Keen Mountain Correctional Center
PO Box 860
Oakwood, VA 24631

Benjamin H. Katz
Office of the Attorney General
900 E Main St
Richmond, VA 23219

Fernando Galindo,
Clerk of Court

By: _____
Deputy Clerk

_August 10_, 2012

10